# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1837

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kamaury Taujheim Watson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: March 9, 2020
Filed: May 8, 2020
[Unpublished]

——————————

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Kamaury Taujheim Watson pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and (9), subject to penalties outlined in 18 U.S.C. § 924(a)(2).

The district court[1] sentenced him to 45 months of imprisonment, followed by 3 years of supervised release. Watson challenges his sentence. According to Watson, the district court misapplied § 2K2.1(b)(6)(B) of the United States Sentencing Guidelines Manual ("Guidelines"), resulting in an improper sentencing enhancement.

We disagree. Section 2K2.1(b)(6)(B) of the Guidelines increases a defendant's offense level by four points if he "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). And Watson possessed a gun "in connection with" a contemporaneous violation of Iowa Code section 724.4(1). Under *United States v. Walker*, violating Iowa Code section 724.4(1) counts as "another felony offense" for purposes of § 2K2.1(b)(6)(B). 771 F.3d 449, 452–53 (8th Cir. 2014).

Watson contends *Walker* was wrongly decided. However, *Walker* is binding precedent and one panel of this court cannot overrule a prior panel. *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc). We therefore affirm his sentence.

_____

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.